IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-10150-02-WEB |
| ) | |
| KYANA L. PIPES, ) | |
| ) | |
| Defendant. ) | |

Memorandum and Order

Defendant Kyana Pipes sent a letter to this Court, requesting the Court order that she be designated to the Federal Bureau of Prisons. Pipes argues that she was misinformed about her sentence in Federal Court. Ms. Pipes is requesting that this Court order the Bureau of Prisons to take her into custody, as well as direct the Bureau of Prisons how to calculate her prison time. The Court filed the letter, classifying it as a Motion for a Review of Sentence (Doc. 93). In addressing Pipes' letter, the Court will also consider the letter pursuant to 28 U.S.C. § 2241.

A review of Pipes' most recent criminal history is helpful. Pipes pleaded guilty on January 21, 2011 to Uttering Counterfeit Obligations, in violation of 18 U.S.C. § 472. On April 7, 2011 she was sentenced to 10 months imprisonment. Pipes was ordered to surrender herself for the service of her sentence at the direction of the Marshals.

Although the Court was aware that Pipes had recent cases in Sedgwick County at the time she was sentenced on April 7, 2011, the Court did not know the status of her probation or whether Pipes would be required to serve a revocation sentence. After her conviction in Federal Court, Pipes' probation was revoked in three Sedgwick County cases. However, before her probation was revoked, and before her surrender date, Pipes committed a new offense which resulted in her arrest in Sedgwick County. She was arrested on May 2, 2011, and remained in

custody, unable to self surrender to the Marshals on May 12, 2011.  On June 7, 2011, Pipes pleaded guilty to the new charge, case 11 CR 1345, and was sentenced to 9 months imprisonment.  With regard to her probation sentences,  Pipes was given a revocation sentence of 7 months jail in 09 CR 3261, 7 month imprisonment in 10 CR 2292, and 9 months imprisonment in 10 CR 784.  The state court judge ordered that all the state sentences run consecutively, and the Federal sentence run concurrently.

Discussion

Pipes argues that she was misinformed about her sentence in Federal Court.  However, this argument does not make sense, since Pipes was sentence to ten months imprisonment, and there were no other sentences to consider.  Pipes had not committed the new offense at that time, and Pipes did not inform the court that there were other cases in Sedgwick County which could also result in a prison sentence.  The sentence handed out by this court was clear, ten months imprisonment.

A motion pursuant to 28 U.S.C. § 2241 challenges the execution of the federal sentence. United States v. Eccleston, 521 F.3d 1249, 2154 (10th Cir. 2008).  For relief under Section 2241, the defendant must first show that the execution of her sentence violates federal law or the Constitution.  Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 46 L.Ed.2d 162 (1975).  Pipes has not alleged that her sentence violates either federal law or the Constitution.  Furthermore, it is the responsibility of the Bureau of Prisons, a part of the executive branch, to designate the place of confinement and to calculate time.  18 U.S.C. § 3621(b); Moresco v. United States, 982 F.2d 529 (Table)(10th Cir. 1992), citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991).  The BOP cannot designate a place of confinement, and the Marshals cannot take control of the

defendant, until she is in federal custody. The BOP "has the exclusive authority to determine when a federal sentence shall begin and where the federal sentence shall be served." Weekes v. Jleming, 301 F.3d 1175, 1179 (10th Cir. 2002). Since she is not in federal custody, the Bureau cannot designate her confinement, nor can they calculate her sentence. Section 2241 does not provide relief to Pipes as she has not shown that federal law or the Constitution was violated, and this Court is without jurisdiction to order the Bureau of Prisons to take her into custody or begin the calculation of her sentence.

To the extent that Pipes is requesting the court amend her judgment to allow her federal sentence to run concurrent, that request is denied. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 provides three circumstances under which a term of imprisonment my be modified. The director of BOP may make a motion, a sentence may be modified as permitted by Rule 35 of the Federal Rules of Criminal Procedure, or the applicable sentencing range may be lowered by the Sentencing Commission, resulting in a retroactive amendment. 18 U.S.C. § 3582(c). Pipes does not meet the requirements of Section 3582.

Rule 36 is also not helpful to Pipes. Rule 36 gives the court the authority to correct clerical errors, but it does not authorize sentencing modifications. Fed.R.Crim.Pro. 36; United States v. Blackwell, 81 F.3d 945, 948 n. 3 (10th Cir. 1996). Since this Court did not know about Pipes probation violations, and Pipes had not committed the new offense when she was sentenced in federal court, there was no clerical error.

It is also important to note that a federal court is not bound by the determination of a state

court as to whether a prisoner's federal sentence should be consecutive or concurrent.  <u>United States v. Williams</u>, 46 F.3d 57, 58 (10th Cir. 1995).  Relief pursuant to 18 U.S.C. § 3584(a) is not available to Pipes, since the sentences were not imposed at the same time.  18 U.S.C. § 3584(a) ("[M]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.")   Even if the Court was aware of Pipes' other cases, or if the sentences were imposed at the same time, this section would not be applicable as  the Tenth Circuit has consistently stated that this section does not apply when one of the sentences was imposed by a state court. <u>United States v. Eccleston</u>, 521 F.3d 1249, 1254 (10th Cir. 2008).  In <u>Eccleston</u>, the Tenth Circuit also cited to <u>Abdul-Malik v. Hawk-Sawyer</u>, 403 F.3d 72, 75 (2d Cir. 2005), in which the Second Circuit found that Section 3584 did not apply when the state sentence was imposed after the federal sentence.  <u>Id.</u>

Pipes has provided no basis that would allow the Court to amend the Judgment, or would permit the Court to order the BOP to take her into custody.

IT IS THEREFORE ORDERED that Pipes' Motion to Amend Sentence, alternatively considered as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 93) is denied.

IT IS SO ORDERED this 3rd day of November, 2011.

Wesley E. Brown
Senior United States District Court Judge